**COMPANIA DE NAVEGACION CRISTOBAL, S. A.**
v.
**THE LISA R et al.**

**HUGHEY et al.**
v.
**THE IONIAN EXPLORER et al.**

**GRAIN PROCESSING CORP.**
v.
**THE IONIAN EXPLORER et al.**
Nos. 1787–1789.
United States District Court

E. D. Louisiana, New Orleans Division.
Nov. 30, 1953.

Chaffe, McCall, Toler & Phillips, Edmund McIlhenny, New Orleans, La., for Compania de Navegacion Cristobal, S. A. and The Ionian Explorer.

Lemle & Kelleher, Selim B. Lemle, New Orleans, La., for respondent and cross-libelant Blue Stack Towing Co. and The Lisa R.

Terriberry, Young, Rault & Carroll, Alfred M. Farrell, Jr., New Orleans, La., for libelants Mike Hughey, Super Test Oil Co., Inc., and Grain Processing Corp.

WRIGHT, District Judge.

It having already been decided that the S. S. Ionian Explorer and the Tug Lisa R were mutually at fault in the collision in question,[1] the owners of the Lisa R now make the contention that they are entitled to the benefit of the insurance on the hull and cargo of the barges GPC and Supertest No. 2. The contention is predicated on language in the contracts of towage entered into between the owners of the Lisa R and the owners of the barges GPC and Supertest No. 2, which language in each contract says in effect that the barge owner will carry and pay for adequate marine insurance on the barge and its cargo. What the contracts do not say is that the insurance carried by the barge owners will be for the benefit of the tug. In fact, other language in the contracts would indicate otherwise.

 In an effort to clarify the ambiguous and conflicting provisions of the contracts, parol evidence was admitted. Unfortunately, this parol evidence is as ambiguous and conflicting as the provisions of the contracts themselves. Consequently, neither the contracts nor the parol evidence establishes what the intent of the parties actually was with reference to the benefit of insurance.

The effect of the tug owners' interpretation of the insurance clauses of the contracts would be to relieve the tug from liability for its own negligence. As this court has had occasion recently to hold[2] such agreements are not favored in the law and will be enforced only when the language thereof is unequivocal and subject to no other reasonable interpretation.

Applying that test here, there can be no doubt that, in the circumstances of this case, the contracts in question do not make the insurance on the hull and cargo of the barges GPC and Supertest No. 2 available to the owners of the Tug Lisa R.

Decree accordingly.

1. Compania de Navegacion Cristobal v. The Lisa R., D.C., 112 F.Supp. 501.

2. Bisso v. Inland Waterways Corporation, D.C., 114 F.Supp. 713.